UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| ALAN SIGMON,<br><br>   Mr. Sigmon,<br><br>v.<br><br>ERIC K. SHINSEKI, SECRETARY,<br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>   Defendant. | Case No.: 3:12-cv-5296<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF<br><br>DEMAND FOR JURY TRIAL |

**I. Preliminary Statement**

1. This action seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees for the disability discrimination suffered by Plaintiff Alan Sigmon ("Mr. Sigmon") in his treatment by Defendant Department of Veterans Affairs (the "VA").

**II. Jurisdiction**

2. This action is brought for discrimination, failure to accommodate, failure to promote/select, revocation of promotions, and retaliation based upon disability and prior protected activity pursuant to the Rehabilitation Act of 1973 as amended, §§ 501 and 504(a), 29 U.S.C. §§ 791 and 794(a), Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., as amended, as applied to the federal government and the interpretation of its statutes, and pursuant to 5 U.S.C. § 7702, 7703 et seq., as amended.  The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees because of their disability.

1

3. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

4. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding claims at issue in this action on or about May 30, 2008, and Plaintiff subsequently timely filed a formal complaint of discrimination on or about July 17, 2008.

5. Following the investigation of his discrimination complaint, Plaintiff timely requested a hearing before an administrative judge of the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about January 28, 2009.

6. Plaintiff filed a timely appeal with the EEOC, Office of Federal Operations (hereinafter "OFO"), on November 24, 2010.  On June 15, 2012, the EEOC OFO issued its decision, finding disputed facts that warranted a denial of summary judgment. The Order is attached as Exhibit A. Plaintiff was informed that he had a right to file a civil action, within ninety (90) calendar days from the date he received the decision, which he now does.

### III. Venue

7. This action properly lies in the Southern District of West Virginia, pursuant to 29 U.S.C. § 1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

### IV. Parties

8. Mr. Sigmon was a full-time employee with the VA at all relevant times.  During this period, Mr. Sigmon worked as a Veteran Service Representative ("VSR") at the VA's

    Regional Benefits Office in Huntington, WV.  Mr. Sigmon is a resident of Cabell County and is a citizen of the United States. Since 2001 Mr. Sigmon, a Veteran who previously served his country in armed combat, has suffered from post traumatic stress disorder ("PTSD"), a recognized disability, and the VA, through its officials and managers, has been aware of Mr. Sigmon's declared disability at all relevant times.  As the VA was also aware, Mr. Sigmon suffered from panic disorder and depression, which are also disabilities. Mr. Sigmon is a qualified individual with a disability under the definition described in the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

9. The VA, Defendant, is a federal government agency and has offices throughout the United States, including in Huntington, WV. The VA is an employer, engages in an industry affecting commerce, and, upon information and belief, employs more than 500 regular employees.

## V. Facts

10. In March 2007, Mr. Sigmon was improperly verbally counseled purportedly for failing to follow leave policies when his wife called in for him because he was incapacitated due to medication.

11. In March 2007, the VA acted improperly because of Mr. Sigmon's disability and his exercise of protected activity.

12. In July 2007, the VA improperly denied a request for reasonable accommodation, failed to engage in the interactive process, and misled Mr. Sigmon to prevent him from making a formal reasonable accommodation request.

13. In July 2007, the VA acted improperly because of Mr. Sigmon's disability and his exercise of protected activity.

14. In August 2007, his supervisor told him that given his condition he could not produce RVSR material.

15. The supervisor told him this because of Mr. Sigmon's disability and his exercise of protected activity.

16. In January 2008, the VA improperly withdrew a RVSR position from Mr. Sigmon that the VA had recently offered to him.  Mr. Sigmon was verbally told of the offer.

17. The VA withdrew the position because of Mr. Sigmon's disability and his exercise of protected activity.

18. In May 20, 2008, the VA improperly denied his request for a reasonable accommodation.

19. In May 2008, the VA acted improperly because of Mr. Sigmon's disability and his exercise of protected activity.

20. On May 23, 2008, the VA advised Mr. Sigmon that he had not been selected for the RVSR position.

21. Because of Mr. Sigmon's disability and his exercise of protected activity, the VA did not select Mr. Sigmon.

22. On June 11, 2008, the VA issued Mr. Sigmon a Counseling Memorandum allegedly because of his behavior during a meeting on May 20, 2008.

23. The VA issued the discipline because of Mr. Sigmon's disability and his exercise of protected activity.

24. Mr. Sigmon has no plain, adequate, or complete remedy at law to redress the wrongs alleged and is now suffering and will continue to suffer irreparable injury from his treatment by the VA unless the VA is enjoined by this Court.

25. Mr. Sigmon has suffered, is now suffering, and will continue to suffer emotional pain,

suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of the VA's discrimination.

26. Mr. Sigmon will suffer future pecuniary losses as a direct result of the VA's discrimination.

## VI. Count I: Violation of the Rehabilitation Act of 1973: Failure to Accommodate

27. Mr. Sigmon incorporates by reference paragraphs 1-26 of his complaint as if fully set forth herein.

28. Mr. Sigmon was an individual with a disability as defined under the Rehabilitation Act.

29. Mr. Sigmon is a qualified individual with a disability under the Rehabilitation Act of 1973.

30. The agency was aware of Mr. Sigmon's disability.

31. Mr. Sigmon requested that the VA accommodate his disability.

32. The VA repeatedly failed to accommodate Mr. Sigmon's reasonable request.

33. Therefore, the VA is liable for damages resulting from its violation of the Rehabilitation Act.

## VII. Count II: Violation of the Rehabilitation Act of 1973: Retaliation

34. Mr. Sigmon incorporates by reference paragraphs 1-26 of his complaint as if fully set forth herein.

35. Mr. Sigmon was an individual with a disability as defined under the Rehabilitation Act.

36. Mr. Sigmon is a qualified individual with a disability under the Rehabilitation Act of 1973.

37. The agency was aware of Mr. Sigmon's disability.

38. Mr. Sigmon requested that the VA accommodate his disability.

39. Mr. Sigmon engaged in protected activity, under the Rehabilitation Act, when he requested that the VA accommodate his disabilities.

40. The VA was aware that Mr. Sigmon had requested reasonable accommodations and his activity was protected.

41. Mr. Sigmon was subjected to adverse treatment in the failure to select Mr. Sigmon for positions for which he was substantially more qualified than the individuals selected, in the revocation of a promotion to RSVR for which he was substantially more qualified than the individuals eventually re-selected, and in the failure to engage in the interactive process and/or reasonably accommodate Mr. Sigmon, all in retaliation for his prior protected activity.

42. Therefore, the VA is liable for damages resulting from its violation of the Rehabilitation Act.

## VIII. Count III: Violation of the Rehabilitation Act of 1973: Non-selection and Revocation

43. Mr. Sigmon incorporates by reference paragraphs 1-26 of his complaint as if fully set forth herein.

44. Mr. Sigmon was an individual with a disability as defined under the Rehabilitation Act.

45. Mr. Sigmon is a qualified individual with a disability under the Rehabilitation Act of 1973.

46. The agency was aware of Mr. Sigmon's disability.

47. Mr. Sigmon requested that the VA accommodate his disability.

48. Mr. Sigmon engaged in protected activity, under the Rehabilitation Act, when he requested that the VA accommodate his disabilities.

49. Mr. Sigmon was qualified for the positions at issue.

50. Mr. Sigmon was more qualified, and substantially so, than the individuals selected for positions to which he applied.

51. The VA did not select Mr. Sigmon for multiple positions, and revoked promotions, because of Mr. Sigmon's disability and because of his exercise of protected activity.

52. Therefore, the VA is liable for damages resulting from its violation of the Rehabilitation Act.

## VIII. Prayer for Relief

53. Wherefore, Mr. Sigmon prays that this Court:

    a. declare the conduct engaged in the VA to be in violation of Mr. Sigmon's rights;

    b. enjoin the VA from engaging in such conduct;

    c. restore Mr. Sigmon to his rightful place as RSVR or, in lieu of reinstatement, order front salary and benefits for the period remaining until normal retirement, and increase his retirement benefits as just;

    d. award Mr. Sigmon equitable relief of back salary and fringe benefits up to the date of reinstatement and prejudgment interest for that entire period, or front salary and benefits accrual;

    e. award Mr. Sigmon compensatory damages;

    f. award Mr. Sigmon costs and attorney's fees; and

    g. grant such other relief as it may deem just and proper.

## IX. Jury Demand

54. Mr. Sigmon requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of September, 2011.

   s/ Kristina Thomas Whiteaker
David L. Grubb (State Bar No. 1498)
Kristina Thomas Whiteaker (State Bar No. 9434)

THE GRUBB LAW GROUP
1114 Kanawha Boulevard, East
Charleston, WV  25301
304-345-3356 (telephone)
304-345-3355 (facsimile)


   s/ Shaun C. Southworth
Shaun C. Southworth
Georgia Bar No. 959122
*Pro hac vice admission pending*

MELVILLE JOHNSON, P.C.
22 Seventh Street, N.E.
Atlanta, Georgia 30308
404.724.0000 Voice
404.724.0040 Facsimile