```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      HUNTINGTON
```

ALAN SIGMON,

    Plaintiff,

v.                                    Civil Action No. 3:12-cv-5296

ERIC K. SHINSEKI, Secretary,
Department of Veterans Affairs,

    Defendant.

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, Eric K. Shinseki, Secretary of Department of Veterans Affairs, by counsel, in answer to Plaintiff's complaint and says:

### FIRST DEFENSE

The complaint fails to state claims upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3).

### SECOND DEFENSE

Defendant asserts the defenses of sovereign immunity, failure to exhaust administrative remedies, and all other non-affirmative and affirmative defenses available to Defendant under the terms and conditions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796l.

**THIRD DEFENSE**

Plaintiff failed to mitigate his damages.

**FOURTH DEFENSE**

Plaintiff failed to follow the policies and procedures of his employer.

**FIFTH DEFENSE**

Defendant asserts all of the affirmative defenses set forth in Fed. R. Civ. P. 8(c) and to which he is entitled under federal and applicable state law.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the applicable statute(s) of limitations.

**SEVENTH DEFENSE**

Plaintiff has not met the jurisdictional prerequisites to the filing of an action under Title VII of the Civil Rights Act of 1964. Therefore, this Court does not have jurisdiction over the subject matter of Plaintiff's Title VII claim.

**EIGHTH DEFENSE**

All actions by or on behalf of Defendant toward Plaintiff have been based upon the good faith exercise of the discretion and responsibility conferred upon him to make professional judgments regarding Plaintiff's qualifications and have been made without any regard for Plaintiff's disability or other protected rights.

### NINTH DEFENSE

Plaintiff has no property right in continued employment with Defendant, and Defendant has not infringed upon any liberty interest of Plaintiff in exercising Defendant's responsibilities to determine whether Plaintiff's employment should continue. Since Plaintiff has no property right in continued employment with Defendant and since Defendant has not infringed upon any liberty interests of Plaintiff in terminating Plaintiff's employment, the Due Process Clause of the Fourteenth Amendment to the United States Constitution does not extend to or protect Plaintiff concerning the matters complained of in the Complaint.

### TENTH DEFENSE

Plaintiff failed to engage in the interactive process as required by 29 C.F.R. § 1630.2(o)(3).

### ELEVENTH DEFENSE

Plaintiff's complaint exceeds the scope of the original charge/charges with the EEOC, and Plaintiff is barred from pleading additional charges not in the original EEOC charge/charges and, the Complaint should therefore be dismissed.

### TWELFTH DEFENSE

Defendant exercised reasonable care to prevent, to investigate, and if necessary, to promptly correct any discriminatory behavior.

**THIRTEENTH DEFENSE**

Plaintiff's claims arose before January 1, 1009, the effective date of the ADA Amendments Act of 2008, thus the analytical framework as it existed before the enactment of the ADA Amendments Act of 2008 applies to Plaintiff's claims in this civil action.

**FOURTEENTH DEFENSE**

Defendant hereby denies each and every allegation of the complaint not specifically admitted herein.

**FIFTEENTH DEFENSE**

Without waiving the foregoing, Defendant answers Plaintiff's complaint as follows:

### I.   Preliminary Statement

1.   In answer to paragraph 1, the allegation is a legal conclusion to which no responsive pleading is required.  To the extent that one is required, Defendant denies the same.

### II.   Jurisdiction

2.   In answer to paragraphs 2 through 6, the allegations are legal conclusions to which no responsive pleading is required.  To the extent that one is required, Defendant denies the same.

### III. Venue

3.   In answer to paragraph 7, the allegation is a legal conclusion to which no responsive pleading is required.  To the extent that one is required, Defendant denies the same.

### IV. Parties

4.   In answer to paragraph 8, Defendant admits Plaintiff was employed by the Department of Veterans Affairs (VA) at the Huntington VA Regional Office in West Virginia.  The other allegations involve legal conclusions to which no responsive pleading is required and/or involve factual matters that Defendant is without sufficient information to admit or deny, and Defendant therefore denies the same.

5.   In answer to paragraph 9, Defendant admits the allegations contained therein.

### V. Facts

6.   In answer to paragraphs 10 through 26, Defendant denies the allegations therein.

### VI. Count I: Violation of the Rehabilitation Act of 1973: Failure to Accommodate

7.   In answer to paragraph 27, Defendant incorporates his prior responses in paragraphs 1-26.

8.   In answer to paragraphs 28 through 33, Defendant denies the allegations contained therein.

### VII. Count II:  Violation of the Rehabilitation Act of 1973: Retaliation

9.   In answer to paragraph 34, Defendant incorporates his prior responses in paragraphs 1-33.

10.  In answer to paragraphs 35 through 42, Defendant denies the allegations contained therein.

### VIII. Count III: Violation of the Rehabilitation Act of 1973: Non-selection and Revocation

11.  In answer to paragraph 43, Defendant incorporates his prior responses in paragraphs 1-42.

12.  In answer to paragraphs 44 through 52, Defendant denies the allegations contained therein.

### VIII. [sic] Prayer for Relief

13.  In answer to paragraph 53, Defendant prays this Court enter judgment in his favor on the grounds set forth herein and grant such other and further relief to which Defendant may be entitled.

WHEREFORE, Defendant prays that the Complaint be dismissed, that Plaintiff have and recover nothing of him, and that he recover from Plaintiff his costs and reasonable attorney's fees.

                                Respectfully submitted,

                                R. BOOTH GOODWIN II
                                United States Attorney

                                **s/J. Christopher Krivonyak**
                                WV State Bar No. 7187
                                Assistant United States Attorney
                                U.S. Attorney's Office
                                P.O. Box 1713
                                Charleston, WV  25326
                                Phone 304-345-2200
                                Fax 304-347-5443
                                E-mail: chris.krivonyak@usdoj.gov


**CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2012, I electronically filed the foregoing ***Answer To Plaintiff's Complaint*** with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

        David L. Grubb, Esq.
        Kristina Thomas Whiteaker, Esq.
        Shaun C. Southworth, Esq.

                                **s/J. Christopher Krivonyak**
                                WV State Bar No. 7187
                                Assistant United States Attorney
                                U.S. Attorney's Office
                                P.O. Box 1713
                                Charleston, WV  25326
                                Phone 304-345-2200
                                Fax 304-347-5443
                                E-mail: chris.krivonyak@usdoj.gov